

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2008

# USA v. Sabater

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4842

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sabater" (2008). *2008 Decisions*. Paper 1390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4842
_____

UNITED STATES OF AMERICA

v.

TONEY SABATER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:05-cr-00433)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 11, 2008
_____

Before: FUENTES, CHAGARES AND ALDISERT, Circuit Judges

(Filed March 25, 2008)

_____

OPINION
_____

ALDISERT, Circuit Judge

Appellant Toney Sabater appeals as unreasonable his sentence of 115 months of

imprisonment imposed by the United States District Court for the Middle District of

Pennsylvania. The Government has filed a motion to dismiss the appeal pursuant to a waiver of right to appeal in Sabater's plea agreement. Because we find that Sabater voluntarily, knowingly and intelligently waived his right to appeal his sentence, we will affirm the sentence imposed by the District Court.

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

I.

This Court has subject matter jurisdiction over Sabater's appeal notwithstanding the waiver of appeal. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). We will not exercise that jurisdiction to review the merits of Sabater's claim, however, if we conclude that Sabater voluntarily, knowingly and intelligently waived his right to appeal unless the result would work a miscarriage of justice. Id.

II.

We are satisfied that Sabater voluntarily, knowingly and intelligently waived his right to appeal. The plea agreement, signed by Sabater, his attorney and the United States Attorney, specifically provided:

> 32. Appeal Waiver. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence

was determined in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

App. A40. The plea agreement also contained an acknowledgment by Sabater that he reviewed the agreement with his attorney and fully understood it and an acknowledgment by Sabater's attorney, Joshua Lock, that he fully reviewed the agreement with his client and his client fully understood it. Both Sabater and Lock also acknowledged that Sabater voluntarily entered into the plea agreement. Finally, the plea agreement contained a merger clause stating that the plea agreement document represented the full and complete agreement between Sabater and the Government and that no additional promises, predictions or inducements had been made.[1]

When Sabater appeared before the District Court to plead guilty, the District Court

---

[1] We are troubled by Lock's assertion in his response to the Government's motion to dismiss that, when explaining the plea agreement to Sabater, he told Sabater that he retained the right to pursue an appeal. Lock's assertion reveals that either (a) Lock incorrectly informed Sabater that he retained the right to appeal even though Lock knew Sabater was waiving the right in the plea agreement or (b) Lock misrepresented to this Court the nature of his communications with Sabater concerning the terms of the plea agreement. Nonetheless, Lock's statement does not change our conclusion. <u>See</u> <u>United States v. Shedrick</u>, 493 F.3d 292, 300 (3d Cir. 2007) ("[A]ny erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court colloquy, both of which accurately stated [the defendant's] potential sentence. Given this record, it is inconceivable that [the defendant] did not know he potentially faced a maximum ten-year prison term.").

questioned Sabater extensively about his understanding of the plea agreement and the voluntary nature of the agreement. The Government mentioned the waiver of appeal twice when it summarized the relevant terms of the agreement for the District Court. Sabater's attorney then specifically questioned Sabater on his understanding of the waiver of appeal paragraph of the plea agreement. During this questioning, Sabater stated that he understood the waiver and that he had reviewed the relevant paragraph of the agreement with his attorney. The District Court also explained the ramifications of the waiver to Sabater. The District Court then had Sabater turn to the relevant page of the plea agreement and ensured that Sabater had discussed the waiver of appeal with his attorney and fully understood it. Finally, the District Court asked Sabater whether he had any questions about the waiver of appeal provision. After Sabater indicated that he did not and indicated that he still wished to enter a plea of guilty, the District Court found that Sabater was voluntarily, knowingly and intelligently entering such a plea. We therefore conclude that Sabater's waiver of appeal was voluntarily, knowingly and intelligently made.

III.

As Sabater validly waived his right to the present appeal and Sabater has not shown that a manifest injustice will result from enforcing the waiver, we decline to consider the merits of Sabater's appeal. See Gwinnett, 483 F.3d at 206. The judgment of the District Court will be affirmed.

4