NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3323
_____

UNITED STATES OF AMERICA

v.

TONEY SABATER,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00433-001)
District Judge:  Honorable Christopher C. Conner
_____

Argued June 21, 2011
_____

Before: HARDIMAN, ALDISERT, Circuit Judges,
and RESTANI,* Judge

(Filed: August 1, 2011)
_____

James J. West, Esq. (Argued)
James J. West
105 North Front Street
Suite 205
Harrisburg, PA 17101

Counsel for Appellant

_____

* Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

Peter J. Smith, Esq.
Christy H. Fawcett, Esq. (Argued)
Theodore B. Smith, III, Esq.
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Counsel for Appellee

————

OPINION

————

RESTANI, Judge.

Defendant Toney Sabater appeals the district court's decision denying his 28 U.S.C. § 2255 motion to vacate his sentence. [Blue 10; United States v. Sabater, No. 1:05-cr-00433-001, 2010 U.S. Dist LEXIS 73226, at *2 (M.D. Pa. July 21, 2010).] Sabater alleges that he did not knowingly and voluntarily acquiesce to the appellate waiver in his plea agreement and that to enforce the waiver would constitute manifest injustice. [Blue 14, 18.] For the following reasons, we will affirm the district court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history. In November 2005, Sabater was charged with conspiracy to distribute and possess with intent to distribute—as well as distribution and possession with intent to distribute—500 grams or more of cocaine hydrochloride. [Presentence Investigation Report ("PSR") ¶ 1.] In June 2006, Sabater signed a plea agreement whereby the

2

Government dismissed the original charges and Sabater pled guilty to two superceding counts of interstate travel to facilitate drug trafficking with a maximum sentence of ten years.  [Plea Agreement,  United States v. Sabater, D.C. 1-05-cr-00433-001, Docket No. 30, ¶¶  1–2 (M.D. Pa.).]  In exchange, Sabater waived his right to direct appeal or to collateral challenge of his conviction and sentence under 28 U.S.C. § 2255.  [Id. ¶ 13; Blue 4.]  At sentencing, in November 2006, the district court found Sabater's criminal history status to be VI rather than V based in part on a 1994 New Jersey conviction, yielding a sentencing guideline range of 92 to 115 months.  [Blue 4; Sabater, 2010 U.S. Dist. LEXIS 73226, at *10–11; see U.S. Sentencing Guidelines Manual Sentencing Table, available at http://www.ussc.gov/Guidelines/2010_guidelines/Manual_PDF/Chapter_5.pdf.]  Sabater was sentenced to 115 months imprisonment and Sabater appealed under 18 U.S.C. § 3742.  See United States v. Sabater, 270 F. App'x 219, 220 (3d Cir. 2008) (not precedential) ("Sabater I").  In March 2008, we held that the waiver was knowing and voluntary and that no manifest injustice was demonstrated by the facts before the court. Id. at 220–21.

In June 2008, the Superior Court of New Jersey vacated and dismissed the 1994 New Jersey conviction with prejudice.  [App. at 66a–67a.]  In July 2009, Sabater moved to vacate, set aside, or correct his sentence on the basis that he was prejudiced by ineffective assistance of counsel and that, despite the waiver, the vacatur of the New

3

Jersey conviction should result in lowering his criminal history category from VI to V, and therefore he should be resentenced based on a guideline range of 84 to 105 months. [Blue 4, 10, 14; Red 4; Sabater, 2010 U.S. Dist LEXIS 73226, at *2.] The district court held that Sabater's actions were knowing and voluntary and noted that Sabater's sentence could take into account the vacated New Jersey conviction without creating manifest injustice. [Sabater, 2010 U.S. Dist LEXIS 73226, at *5–6, 14–15.] Sabater now claims that the waiver was not knowing and voluntary and to enforce it would constitute manifest injustice.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2255 to review the final judgment of a U.S. District Court. United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008). We review the legality of waivers of appeal de novo. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001).

A defendant may waive the right to direct and collateral attack, provided the waivers are "entered into knowingly and voluntarily, and their enforcement does not work a miscarriage of justice."[1] Mabry, 536 F.3d at 237. "Knowing and voluntary" indicates that "the defendant actually does understand the significance and consequences" of the waiver and that "the decision is uncoerced." Fahy v. Horn, 516 F.3d 169, 185 (3d Cir. 2008) (quoting Godinez v. Moran, 509 U.S. 389, 401 n. 12 (1993)) (internal

---

[1] Under our precedents, "manifest injustice" and "miscarriage of justice" have been used interchangeably. See United States v. Gwinnett, 483 F.3d 200, 205–06 (3d

quotation marks omitted).  We have already held that Sabater knowingly and voluntarily

waived his right to appeal.  Sabater I, 270 F. App'x at 221.  Sabater signed the plea

agreement and was specifically questioned about the agreement in court, where Sabater

repeatedly responded in the affirmative, dispelling any concerns as to the legal terms used

in the agreement.  Id. at 220–21.  A review of the plea agreement and Sabater's responses

in court reveals no significant difference between his waiver of appeal rights and his

waiver of the right to collaterally challenge his sentence.  The waiver was therefore

knowing and voluntary.

Sabater alleges that to enforce the waiver in the face of the vacated New Jersey

conviction would constitute manifest injustice.[2]  [Blue 14.]  Manifest injustice is rarely

established and is defined by:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact
> issue, a sentencing guideline, or a statutory maximum), the impact of the error on

---

Cir. 2007); Lambert v. Blackwell, 134 F.3d 506, 520–21 (3d Cir. 1997); Sabater I, 270 F.
App'x at 220–21.

[2] Sabater argues that the Supreme Court's decision in Johnson v. United States,
544 U.S. 295, 298 (2005) should be interpreted to mean that successful collateral attacks
on state convictions relied upon to enhance sentences require district courts to grant
motions under § 2255 regardless of whether a waiver was signed.  [See Blue 13–15.]  In
order to decide a statute of limitations issue, the Supreme Court stated that its precedents
assumed that a defendant may collaterally challenge a federal sentence enhanced based
on a later vacated state court conviction.  Johnson, 544 U.S. at 302–03.  Whether or not
Johnson provides guidance as to a guideline criminal history category based on a state
conviction vacated in this type of circumstance, Johnson did not address resentencing
where the defendant has waived all rights of appeal or collateral attack in a plea
agreement.

5

the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25–26 (1st Cir. 2001)) (alteration in original).

No manifest injustice exists on the facts before us.[3] Sabater knowingly and voluntarily waived his appellate rights in exchange for a plea agreement that was not one-sided, and therefore not manifestly unjust to Sabater on such a basis.[4] The agreement waived the two original charges—conspiracy to distribute and possess with intent to distribute, and distribution and possession with intent to distribute 500 grams or more of cocaine hydrochloride, carrying a forty year maximum and a ten year minimum—and

---

[3] Sabater I commented that, had Sabater been able to show egregious facts to constitute manifest injustice, the waiver would have been invalid. See Sabater I, 270 F. App'x at 221. Even taking into account the cautions of Sabater I, Sabater has not alleged new facts that could constitute the manifest injustice necessary to his claim. We do not decide what those facts might be but observe Sabater has not alleged he was actually innocent of the New Jersey crime.

[4] Sabater argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. [Blue 19–21.] Sabater contends that his counsel did not inform him or was not aware of the appellate waiver in the plea agreement and, therefore, manifest injustice occurred. [Blue 19–21.] Under Strickland v. Washington, 466 U.S. 668, 689 (1984), the defendant must prove both that counsel did not provide "reasonable professional assistance" and that "[the defendant] was actually prejudiced by counsel's deficient performance." Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) (internal quotation marks omitted) (citing Strickland, 466 U.S. at 687–88). To the extent this claim was not disposed of by our previous ruling, Sabater has not demonstrated ineffective assistance of counsel because there is no indication that he ought to have rejected the plea agreement and that the attorneys' advice to accept the agreement was not reasonable, or that he was prejudiced.

instead allowed Sabater to plead to two counts of a lesser offense with a maximum of ten years.[5] See 21 U.S.C. § 841(b)(1)(B). [;PSR ¶ 54; Red 22; Plea Agreement, United States v. Sabater, D.C. 1-05-cr-00433-001, Docket No. 30, ¶ 1 (M.D. Pa.).] Although Sabater's bargaining power may have been greater absent the New Jersey conviction, such a circumstance is not sufficient to meet the stringent manifest injustice standard. Further, the record indicates that the possibility of vacation of the New Jersey sentence based on claims of racial profiling at the time the crime was committed in New Jersey was known at the time of the plea. [App. at 56a.] No exception to the waiver for such a claim was included in the agreement. Finally, the ultimate sentence received is similar to the guideline sentence for which Sabater would have been eligible had the New Jersey conviction been vacated prior to federal sentencing.[6] In sum, there are no facts here that support a conclusion that enforcement of the waiver created a manifest injustice. Accordingly, we will affirm the district court's judgment.

---

[5] Although the Government and the presentence investigation report maintain that Sabater would have faced a mandatory minimum of ten years under the original indictment, Sabater might have faced a mandatory minimum of twenty years because Sabater committed the offense in the instant case "after a prior conviction for a felony drug offense ha[d] become final." 21 U.S.C. § 841(b)(1)(B). [;PSR ¶ 32.] Sabater also may have faced a maximum sentence of life in prison under the same provision. Id. The Government did not file the necessary documents to request this enhanced sentence.

[6] The district court may arrive at a particular sentence for a variety of reasons and the plea agreement did not bind the court in sentencing. For example, because the conviction was vacated based on a general policy decision rather than some factor relating to Sabater's innocence, it is possible the district court might have found that criminal history level V was understated.

7